IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES,

    *Plaintiff,*

vs.

MAC WILLIAM WATKINS, et al,

    *Defendant.*

Case No. 12-10207-01-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mac William Watkins' Motion for Review and Revocation of Detention Order, filed November 13, 2012.[1] On November 20, 2012, the Court held a hearing on the motion. For the reasons stated below, the Court finds that Defendant should remain detained pending trial, and therefore, denies Defendant's motion.

### I.     Procedural Background

On September 12, 2012, Defendant was charged in a two-count grand jury Indictment.[2] The first count of the Indictment alleges that Defendant engaged in a conspiracy to distribute and to possess with intent to distribute more than fifty grams of methamphetamine in violation of 21

---

[1] Motion for Review and Revocation of Detention Order, Doc. 27.

[2] Indictment, Doc. 1.

U.S.C. § 846(a)(1).[3] The second count of the Indictment alleges possession with intent to distribute more than fifty grams of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (841(b)(1)(A)(viii).[4] A detention hearing was held before Magistrate Judge Karen Humphreys, who ordered Defendant detained pending trial.[5]

## II.  Standard of Review

Pursuant to 18 U.S.C. § 3145(b), a defendant may seek review of a magistrate judge's detention order.[6] The district court reviews a magistrate judge's detention order de novo.[7] The district court gives no deference to the magistrate judge's findings and instead conducts its own de novo determination as to the facts and legal conclusion.[8] Although the Court's review is de novo, an evidentiary hearing is not required.[9] The decision of whether to "incorporate the record of the proceedings conducted by the magistrate judge" is left to the sound discretion of the Court.[10] The Federal Rules of Evidence do not apply to detention hearings, and the Court may allow the parties to present information by proffer or by direct testimony.[11]

---

[3] *Id.*

[4] *Id.*

[5] Order of Detention Pending Trial, Doc. 24.

[6] 18 U.S.C. § 3145(b).

[7] *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir.2003).

[8] *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[9] *Id.*

[10] *United States v. Plakio*, 2001 WL 1167305, at *1 (D. Kan. Sept. 5, 2001).

[11] *United States v. Hernandez*, 2012 WL 1034942, *1 (D. Kan. Mar. 27, 2012) (citing 18 U.S.C. § 3142(f)).

### III. Standards for Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[12] The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence.[13] In a case such as this, where the Indictment charges an offense involving possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846(a)(1), and after a finding of probable cause, a rebuttable presumption of detention arises.[14] Once this presumption is invoked, the burden of production shifts to the defendant.[15] While the defendant's burden is not a heavy one, he must produce some evidence to rebut the presumption.[16] Even with this burden shift, the government retains the burden of persuasion regarding risk of flight and danger to the community.[17] The government, however, need only prove one or the other in order to have the defendant detained.[18] A grand jury indictment is sufficient to establish probable cause that the defendant committed the offenses, triggering the rebuttable presumption.[19]

---

[12] 18 U.S.C. § 3142(e).

[13] *Cisneros*, 328 F.3d at 616.

[14] 18 U.S.C. § 3142(e).

[15] *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

[16] *Id*. Even if a defendant meets the burden of production, the presumption remains a factor the Court may consider in determining whether to release or detain. *Id*.

[17] *Id.*

[18] *United States v. Hibler*, 2010 WL 5015326, *1 (D. Kan. Dec. 3, 2010) (citing *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985)).

In determining whether there are conditions of release that will both reasonably assure a defendant's required appearance and preserve the safety of the community, the Court must consider the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[20]

### IV. Analysis

As a preliminary matter, the Court finds that a rebuttable presumption of detention arises because the Indictment alleges that Defendant committed offenses enumerated in 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846(a)(1). After carefully reviewing the parties' arguments and considering the statutory presumption for detention, the Court concludes that no set of conditions of Defendant's release will protect the community from the danger of addition crimes or ensure Defendant's appearance in future required court proceedings. Defendant faces two

---

[19] *See Stricklin*, 932 F.2d at 1355; *see also United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990).

[20] 18 U.S.C. § 3142(g).

drug trafficking offenses for which the Controlled Substances Act[21] prescribes a maximum term of imprisonment of ten or more years. The Court finds that this significant period of potential incarceration creates a serious risk that Defendant may flee. Additionally, this case involves allegations concerning the distribution of methamphetamine, a drug that is well known for its devastating effects upon both users and communities. Accordingly, the Court finds that Defendant poses a danger to the community.

The government has carried its burden of proving that pretrial detention is warranted, and that presumption is not overcome in this case. Because the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance and preserve the safety of the community, Defendant's Motion for Review and Revocation of Detention Order must be denied, and the Order of Detention previously entered in this case remains in effect.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion for Review and Revocation of Detention Order (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] 21 U.S.C. § 801, *et. seq.*